(No. 36804.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CALVIN DONALDSON, Plaintiff in Error.

*Opinion filed March 23, 1962.*

PAUL HOMER, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and ELMER C. KISSANE, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE HERSHEY delivered the opinion of the court:

Defendant was convicted of the murder of Ferdinand A. Wesley and was sentenced to death. This conviction was reversed and the cause remanded for a new trial in *People* v. *Donaldson,* 8 Ill.2d 510. On a second trial, defendant was found guilty by a jury of murder and was sentenced to life imprisonment in the penitentiary. The present writ of error is to review this second conviction.

No question is raised as to the sufficiency of the evidence, if competent, to sustain the conviction. Defendant contends, however, that the trial court committed prejudicial error in the admission of evidence, in instructing the jury, and in refusing defendant's request to call certain witnesses as the court's witnesses.

The principal contention is that the trial court erred in

admitting in evidence a certain photograph of defendant. While it is unnecessary to an understanding of this question to summarize all the evidence in the record, it is necessary to set forth sufficient facts to place the significance of this photograph in proper perspective.

The defendant was apprehended in New Orleans and was picked up there by Chicago police officers. They left New Orleans on July 3, 1954, and arrived in Chicago about 1:20 A.M. on July 4. Defendant made two statements, which were reduced to writing but not signed, on the morning of July 4, the first at about 5:05 A.M. and the second at about 6:45 A.M. In the first statement, defendant admitted shooting the deceased during the course of a holdup, but claimed that the gun went off accidentally. The second statement denied any mistreatment by police officers. A preliminary hearing was held outside the presence of the jury on the voluntary nature of the statements, at the conclusion of which the court ruled that the statements were competent, and they were admitted in evidence. No question is raised on this writ of error concerning this ruling.

The defendant took the stand in his own behalf. Among other things, he testified that the statements were preceded by threats and beatings administered by the police officers and that he made the statements only because of these coercive acts. The People then produced evidence in rebuttal. The photograph, the admissibility of which is questioned, was part of this rebuttal evidence. As a foundation to the admission of the photograph, the People put on the stand John F. Ryan, who testified that, on July 4, 1954, he was employed by the Chicago police department as a photographer, that on that date he took a picture of a man identified as Calvin Donaldson. The picture was marked for identification, and Ryan stated that it correctly portrayed the appearance of the man identified to him as Calvin Donaldson on July 4, 1954.

On cross-examination, Ryan admitted that he had no

personal recollection of having taken the photograph, that he had no way of knowing how long the person whose picture he took had been in custody, and that he had no knowledge as to whether the clothes shown in the picture were the clothes worn by defendant when he was brought to the police building. He indicated that he determined the picture was taken on July 4, 1954, by a record that was kept of all work done by him, but that he did not have the record with him.

On redirect examination, Ryan testified that, before coming to court to testify, he checked both his personal records and the records of the police department. He was then asked to state what the record indicated. To this question, defense counsel objected on the ground that to permit the witness to state what the records show would violate the best evidence rule. This objection was overruled, and the witness stated that, on July 4, 1954, his hours of duty were from 8:00 to 4:00 and that the photograph was taken during his regular hours. Thereupon the picture was admitted in evidence over defendant's objection that no proper foundation had been shown as to when the picture was taken.

The photograph in question showed the defendant neatly clothed and with a composed expression on his face. It was obviously introduced to refute defendant's testimony that he had been subjected to brutal treatment at the hands of the police, and it was repeatedly referred to for this purpose by the prosecutor in his argument to the jury.

The primary conditions for the admissibility of photographs are those of relevancy and accuracy. As stated by McCormick, "the prime condition on admissibility is that the photograph be identified by a witness as a portrayal of certain facts relevant to the issue, and be verified by such witness on personal knowledge as a correct representation of these facts." (McCormick on Evidence, p. 387.) With respect to the photograph of a person, we stated in *People* v. *Herbert*, 361 Ill. 64, 71: "A photograph shown to be a correct representation of a person during a period of time under

investigation is competent where the accuracy of the photograph is proved by the testimony of a person acquainted with the appearance of the individual at the time the photograph was taken."

Applying the foregoing principles to the present case, the photograph was admissible only after a proper foundation for its introduction had been laid by showing by competent evidence that the photograph was taken at a time sufficiently soon after the allegedly coercive acts to which defendant had testified to make it relevant to the issue and that it was an accurate portrayal of defendant's appearance at such time.

Here the photographer admittedly had no recollection as to when the picture was taken. The only evidence as to when the photograph was taken was the photographer's oral testimony as to what was shown by his personal records and the records of the police department. Presumably one or both of these records could have been admitted, after a proper foundation had been laid, either as past recollection recorded, as regular entries in the ordinary course of business, or as an official record. This the prosecution did not do. Instead it sought to establish the content of the record by the testimony of the witness, who had no independent recollection. This was clearly a violation of the best evidence rule and was properly and timely objected to on that specific ground. The objection should have been sustained.

The People argue as if this were a case of refreshment of a present recollection and suggest that the witness definitely testified independently that the photograph was taken on July 4 after he had refreshed his recollection by looking at the record. This argument ignores the fact that the witness admitted that he had no independent recollection as to when the picture was taken. Had the witness had an independent recollection as to when the picture was taken, it would have been competent to have established the time by his testimony. Where, as here, however, the only evidence as

to when the picture was taken was in the records, it was error to permit the People, over defendant's objection, to establish what the records showed by the testimony of the witness.

It is fundamental that a conviction must rest upon a record that is free of prejudicial error. In view of the importance evidently attached to the photograph in question by the prosecution, as illustrated by the repeated references to it during the argument to the jury, it cannot be presumed that the error in the admission of evidence was not prejudicial. This is particularly true in a case where the jury not only determines the guilt of the defendant but also fixes the penalty.

Since the cause must be remanded for a new trial for the reason stated, it is unnecessary to consider the other contentions made by the defendant on this writ of error.

The judgment of the criminal court of Cook County is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*